In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00107-CV
_____

IN RE PAUL L. JONES

Original Proceeding

**MEMORANDUM OPINION**

Paul L. Jones has petitioned this Court for a writ of mandamus to compel the performance of a duty imposed by law in connection with the holding of an election. *See* Tex. Elec. Code Ann. § 273.061 (West 2010). On February 21, 2013, the Board of Trustees for the Beaumont Independent School District[1] called a regular election for May 2013. The Board also adopted a single-member redistricting plan that altered the boundaries of the trustee districts. Because the

_____

[1] Throughout this Opinion, we refer to the district as BISD and to its Board of Trustees as the Board. The actions referred to in this Opinion were taken by the Board or by various BISD agents and employees acting under its direction and authority.

1

plan was adopted less than three months before the election, Jones contends the plan is not effective for the May 2013 election. *See* Tex. Elec. Code Ann. § 276.006 (West 2010) ("A change in a boundary of a territorial unit of a political subdivision other than a county from which an office of the political subdivision is elected is not effective for an election unless the date of the order or other action adopting the boundary change is more than three months before election day."). Jones asks this Court to order the Board to immediately rescind its order for a May 2013 election; to call a trustee election for November 2013; and in that election to use the single-member district plan adopted on February 21, 2013. Jones also asks that BISD be ordered to pay him unspecified attorney fees and costs.

In a separate mandamus proceeding, we have exercised our equitable powers to grant relief that includes allowing the May 2013 election to proceed using the voting map adopted by the Board on February 21, 2013. *In re Rodriguez*, No. 09-13-00115-CV, slip op. at 12 (Tex. App.—Beaumont Mar. 18, 2013, orig. proceeding); *see In re Gamble*, 71 S.W.3d 313, 318 (Tex. 2002). But in *Gamble*, the Court cautioned that a court's equitable powers in an election case are not unrestrained. The Supreme Court stated, "Generally, courts will not exercise equitable powers when their exercise may delay the election." *Id.* We noted in *Rodriguez* that the Board has already requested preclearance of the redistricting

2

plan from the Department of Justice. *See In re Rodriguez,* No. 09-13-00115-CV, slip op. at 4. We presume the Board will proceed with its efforts to obtain expedited preclearance prior to conducting the May election. *See id.* slip op. at 12.

This Court has exercised its equitable power to allow the May 2013 election to be conducted using the redistricting map adopted February 21, 2013. We decline to delay the election unnecessarily. Accordingly, we deny the petition for mandamus relief. Donna Jean Forgas, who is one of the relators in *Rodriguez*, has filed a motion to intervene in this mandamus proceeding. The motion to intervene is denied. To expedite a final decision in this matter in view of the upcoming election, no motion for rehearing will be permitted. *See* Tex. R. App. P. 2.

PETITION DENIED.

PER CURIAM

Submitted on March 15, 2013
Opinion Delivered March 18, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.